IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GEORGE LOCKABY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:18-cv-02056-DCN-TER |
| vs. | ) | |
| | ) | **ORDER** |
| ANDREW M. SAUL,[1] Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Thomas Rogers's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Andrew M. Saul's ("the Commissioner") decision denying plaintiff George Lockaby's ("Lockaby") application for child disability insurance benefits ("DIB") and supplemental security income ("SSI"). Lockaby filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

On November 1, 2014, Lockaby protectively filed an application for child DIB and an application for SSI. In both applications, he alleged that his disability began on April 22, 2013. The Social Security Agency denied Lockaby's claims initially and on

---

[1] Andrew Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is automatically substituted for Nancy A. Berryhill, former Commissioner, as the defendant in this lawsuit.

1

reconsideration. Lockaby requested a hearing before an administrative law judge ("ALJ"), and ALJ James M. Martin held a hearing on May 5, 2017.

The ALJ issued a decision on October 26, 2017, finding that Lockaby was not disabled under the Social Security Act. Lockaby submitted a request for review to the Appeals Council and included additional evidence to be considered. The Appeals Council denied Lockaby's request, rendering the ALJ's decision the final action of the Commissioner. On July 26, 2018, Lockaby filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on January 27, 2020, recommending that this court affirm the ALJ's decision. ECF No. 16. Lockaby filed objections to the R&R on February 20, 2020, ECF No. 21, and the Commissioner filed a reply on March 5, 2020, ECF No. 25. Therefore, the matter is now ripe for the court's review.

### B. Medical History

Because Lockaby's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Lockaby was born on January 24, 1995 and had not attained the age of 22 at the time of his alleged disability onset date. He dropped out of school after completing the tenth grade, and he has no past relevant work.

### C. ALJ's Findings

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Lockaby was disabled beginning on April 22, 2013. The ALJ first determined that Lockaby did not engage in substantial gainful activity since his alleged onset date. Tr. 13. At the second step, the ALJ found that Lockaby suffered from the following severe impairments: attention deficit hyperactivity disorder ("ADHD"),

nonverbal learning disorder, and generalized anxiety disorder. Id. The ALJ also found that Lockaby suffered from dysgraphia, a nonsevere impairment. At step three, the ALJ found that Lockaby's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 18; see 20 C.F.R. Part 404, Subpart P, App'x 1.

Before reaching the fourth step, the ALJ determined Lockaby had the residual function capacity ("RFC") to perform a full range of work at all exertional levels but with several nonexertional limitations. Tr. 20. Specifically, the ALJ found that Lockaby could sustain concentration, persistence, and pace sufficient to perform simply, routine, and repetitive tasks, but not at production rate pace. Id. The ALJ also found that Lockaby is limited to simple work-related decisions, he is capable of frequent interaction with supervisors and occasional interaction with co-workers, he is never capable of interacting with the public, and he is limited to tolerating few changes in the routine work setting, defined as a static work environment. Id. The ALJ notes at step four that Lockaby has no past relevant work experience. Tr. 23. Finally, at step five, the ALJ determined that, considering Lockaby's age, education, work experience, and RFC, he could perform jobs existing in significant numbers in the national economy, and concluded that he was not disabled during the period in issue. Tr. 24–25.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The

recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).  However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."  Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III.  DISCUSSION

In his initial brief, Lockaby raised two issues with the ALJ's decision.  He argued that his case should be remanded so that the ALJ could consider additional evidence that was submitted to the Appeals Council, and he argued that the ALJ erred by failing to resolve conflicts between the vocational expert's ("VE") testimony and information in the Dictionary of Occupational Titles ("DOT").  The R&R recommending affirming the

4

Commissioner's decision, finding that remand was not required to consider the additional evidence and that the ALJ did not err by failing to resolve apparent conflicts between the VE's testimony and the DOT. Lockaby only objects to the R&R's finding regarding the new evidence; therefore, the court only considers that issue.

The ALJ issued his decision on October 26, 2017. After receiving the decision, Lockaby submitted additional evidence to the Appeals Council. That evidence included a statement from Dr. Jeffrey Craddock, dated May 10, 2018, and treatment records from Hillcrest Behavioral Medicine, dated November 2, 2017 to May 10, 2018, Tr. 2; however, the only evidence that is now at issue is Dr. Craddock's statement. The Appeals Council declined to consider the additional evidence because it did "not relate to the period at issue" and "[t]herefore, it does not affect the decision about whether you were disabled beginning on or before October 26, 2017." Id.

As the R&R explained, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970.[2] The R&R then explained that

> [w]hile the stated reason from the Appeals Council for not exhibiting the additional evidence is that the evidence did not relate to the period before

---

[2] The court notes that the original version of 20 C.F.R. § 404.970 only required that the evidence be new, material, and relate back to the relevant time period, and that "material" was defined as "[a] reasonable possibility that the new evidence would change the outcome of the case." Jeter v. Saul, 2020 WL 421472, at *8 (D.S.C. Jan. 9, 2020), report and recommendation adopted, 2020 WL 419537 (D.S.C. Jan. 27, 2020). The regulation was amended to re-define "material" as "relevant" and to add the "reasonable probability" requirement. Id. That amendment became effective on January 16, 2017, which was nine months prior to the ALJ's decision and a year and a half prior to the Appeals Council's decision.

5

> the date of the hearing decision, the court considers all the regulation factors
> and not just the reason relied on by the Appeals Council on one factor.

Id. As such, the R&R considered whether Dr. Craddock's letter was new and whether there was a reasonable probability that the letter would change the outcome of the ALJ's decision. The R&R ultimately concluded that remand was not warranted because Lockaby did not show that there was a reasonable probability that Dr. Craddock's letter would have changed the ALJ's decision.

Lockaby first takes issue with the magistrate judge considering reasons beyond the one articulated by the Appeals Council for its decision. Lockaby argues that the court is constrained to only consider the Appeals Council's express reason for declining to consider new evidence, and here that reason is that the evidence did not relate to the relevant time period. In other words, Lockaby argues that the R&R erred in considering whether there is a reasonable probability that the additional evidence would have affected the outcome because the Appeals Council did not mention that factor in declining to review the additional evidence. In reply, the Commissioner generally argues that Lockaby's objections repeat identical arguments that he made in his initial brief, meaning that they are not truly objections that warrant the court's review. However, Lockaby's argument relates to the magistrate judge's method of analysis, meaning that he could not have raised this argument in his initial brief because the magistrate judge had not yet conducted his analysis. Accordingly, the court will consider it.

The question that arises is whether a court must only consider the 20 C.F.R. § 404.970 factors explicitly mentioned by the Appeals Council when it declined to consider new evidence. Lockaby cites to two cases to argue that a court is so constrained. In Moseley v. Berryhill, the Appeals Council denied review based on the additional

evidence's failure to meet the reasonable probability standard. 2019 WL 2107917, at *10 (D.S.C. Apr. 22, 2019), report and recommendation adopted, 2019 WL 2106181 (D.S.C. May 14, 2019). The Commissioner then argued that the Appeals Council's decision was proper because the plaintiff did not provide good cause for her failure to originally submit the additional evidence. The R&R, which was subsequently affirmed by the district court, declined to consider this "post-hoc argument" because the Appeals Council only denied review based on the reasonable probability standard, not the good cause issue. Id. The R&R found the same to be true for the Commissioner's arguments that the additional evidence was not new or material.

Similarly, in Merriweather v. Acting Comm'r of Soc. Sec. Admin., the court assumed that the plaintiff had good cause for failing to submit additional evidence because the Appeals Council did not state that it rejected the new evidence for that reason. 2019 WL 3282716, at *8 n.5 (D.S.C. July 22, 2019). Moreover, the court's own research revealed another case from this district in which the magistrate judge declined to consider the plaintiff's argument that the evidence related back to the relevant time period because the Appeals Council did not reject the evidence for that reason. Jackson v. Saul, 2020 WL 90901, at *12 (D.S.C. Jan. 8, 2020).

However, many courts in this district have considered certain 20 C.F.R. § 404.970 factors even though the Appeals Council did not rely on those factors when declining to review the case. See Allen v. Berryhill, 2019 WL 6170637, at *9 (D.S.C. May 28, 2019), report and recommendation adopted, 2019 WL 4622094 (D.S.C. Sept. 23, 2019) (considering whether the evidence was material despite the fact that the Appeals Council declined to consider it solely because it did not relate back to the relevant time period);

7

Sanders v. Berryhill, 2019 WL 2016809, at *7 (D.S.C. Apr. 23, 2019), report and recommendation adopted, 2019 WL 2009298 (D.S.C. May 7, 2019) (considering whether the additional evidence was new and material when the Appeals Council declined to consider the evidence only because it did not relate to the relevant time period); Forney v. Berryhill, 2019 WL 1574284, at *7 (D.S.C. Mar. 25, 2019), report and recommendation adopted, 2019 WL 1571673 (D.S.C. Apr. 11, 2019) (considering whether the additional evidence meets the factors articulated in 20 C.F.R. § 404.970(a) despite the fact that the Appeals Council did not consider the evidence due to a lack of showing of good cause); Grant v. Berryhill, 2017 WL 3208536, at *9 (D.S.C. July 12, 2017), report and recommendation adopted, 2017 WL 3193588 (D.S.C. July 26, 2017) (Appeals Council rejected new evidence based on the date it was prepared, and the court still considered whether the evidence was new, material, and if there was a reasonable probability that the new evidence could impact the RFC); Watford v. Comm'r of Soc. Sec. Admin., 2015 WL 1400038, at *16 (D.S.C. Mar. 26, 2015) (considering whether the new evidence was material and whether there was a reasonable possibility that the new evidence would change the outcome of the case despite the fact that the Appeals Council declined to consider the evidence solely based on its timing).

In sum, courts within this district approach this issue differently. Some only consider the 20 C.F.R. § 404.970 factors explicitly relied upon by the Appeals Council, while others find it appropriate to consider factors that were not originally addressed by the Appeals Council. In light of the lack of authority to suggest otherwise, the court finds that it was not improper for the magistrate judge to consider the other factors articulated in 20 C.F.R. § 404.970 beyond the one specifically mentioned by the Appeals Council.

As outlined above, courts within this district frequently consider all of the 20 C.F.R. § 404.970 factors even though the Appeals Council only relies on one when declining review, and Lockaby cites to no binding authority that declares it improper for a court to do so.

Moreover, the court notes that, contrary to his current argument that timing is the only factor that the court should consider, Lockaby argued in his initial brief that Dr. Craddock's letter is material and that "there is a real possibility" that the letter would affect the ALJ's decision. ECF No. 11 at 25–30. In other words, Lockaby faults the magistrate judge for considering factors on which he presented arguments. Accordingly, the court finds that the magistrate judge did not err in considering 20 C.F.R. § 404.970(a) factors other than the one specifically mentioned by the Appeals Council.

Next, Lockaby objects to the magistrate judge's findings on those factors.[3] As discussed above, the regulations require that the Appeals Council review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The only rationale provided by the Appeals Council here was that Dr. Craddock's letter did not relate back to the relevant time period. As discussed above, the R&R only focused on whether the letter was new and whether there is a reasonable probability that the letter would change the outcome of the ALJ's decision. The R&R assumed without deciding

---

[3] Oddly, despite arguing that that magistrate judge should have only considered whether Dr. Craddock's letter related back to the relevant time period, Lockaby does not argue in his objections that the letter does indeed relate back to the relevant time period. Therefore, the court declines to consider this issue.

that the evidence was new but found that there is not a reasonable probability that Dr. Craddock's letter would change the outcome of the ALJ's decision. ECF No. 16 at 12–14.

In objecting to these findings, Lockaby first states that he disagrees with the R&R's finding that Dr. Craddock's opinion was not new. Again, the Commissioner's general reply is that Lockaby raises the same argument he raised in his initial brief. That is not so. Lockaby's objection takes issue with a specific case cited by the magistrate judge and then provides citations to support his objection to which he had not previously cited. Therefore, the court will consider Lockaby's objection.

Nevertheless, Lockaby's objection suffers from a fatal flaw—he misstates the R&R's finding to which he objects. As noted above, Lockaby "disagree[s] that Dr. Craddock's opinion was not knew [sic]," ECF No. 21 at 3, but the R&R did not find that the evidence was not new. Instead, the R&R noted that it was "unclear whether [Lockaby] ha[d] met the requirement that the evidence is 'new'" but assumed, without deciding, that the evidence was new. ECF No. 16 at 12. Because the basis of Lockaby's objections—that the R&R found that the evidence was not new—is incorrect, the court overrules this objection.

Next, Lockaby objects to the magistrate judge's finding that there is not a reasonable probability that Dr. Craddock's letter would change the ALJ's decision. In reply, the Commissioner again argues that Lockaby is merely repeating his original argument, and again, the court finds that not to be the case and will consider Lockaby's objection.

In its analysis on this factor, the R&R explained that Dr. Craddock's prior opinion that was considered by the ALJ "was a compilation and recitation of other medical and mental health professionals information which the ALJ already considered and weighed." ECF No. 16 at 13. The R&R then noted that "[t]here is no indication Dr. Craddock was intending to support his prior letter opinion with contemporaneous treatment notes during the relevant period" and that Dr. Craddock's new letter was "a form of a repeat of the prior opinion" that was "already weighed by the ALJ." Id. at 14. The R&R recounted various evidence that forms "the substantial evidentiary basis for the ALJ's finding of not disabled." Id. at 15. Finally, the R&R noted that the new letter does not fill an evidentiary gap in the record, as required by Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011).

Lockaby argues that Dr. Craddock's new, more detailed letter contains "specific, objective observations and resulting limitations greater than those given in the ALJ's RFC," meaning that there is a reasonable probability that Dr. Craddock's letter would affect the ALJ's decision. In addition, Lockaby argues that the R&R "follows defense counsel's post hoc argument, setting out select notations that are essentially supportive of a finding of non-disability" and that despite what the R&R found, there need not be a gap in evidence that the additional evidence fills before remand is warranted. ECF No. 21 at 5.

Despite Lockaby's arguments, the court finds that there is not a reasonable probability that Dr. Craddock's letter would affect the ALJ's decision. Dr. Craddock's new letter relies in part on Dr. Lauren Batson's testing and findings and Lockaby's school records; however, the ALJ already reviewed and considered that evidence. Tr.

13–15.  Dr. Craddock does elaborate on his personal observations of Lockaby, explaining that Lockaby "exhibits anxious behavior, poor eye contact, poor conversational engagement, avoidant soft speech, involving both decreased volume and soft tone, concrete reasoning with limited ability to perform abstract reasoning or detect humor or similar subtleties of interpersonal interaction."  Tr. 38.  According to Dr. Craddock, "[i]t is difficult to draw conversation from [Lockaby]; he gives very brief answers to questions, often one-word answers, and does not speak spontaneously."  Id.  Dr. Craddock describes Lockaby as "very awkward" with "rigid and impoverished" thinking.  Id.  Dr. Craddock also claims that in conversation, Lockaby lacks awareness of emotional issues but that "he exhibits frequent bodily concerns that reflect, at least in part, a sublimation of his emotional difficulties."  Id.

These observations are consistent with the evidence already considered by the ALJ.  For example, the ALJ considered Dr. Bruce Kofoed's report, which reflected Dr. Kofoed's personal observations of Lockaby.  Tr. 16–17.  Dr. Kofoed noted that Lockaby "was slightly anxious" and answered questions with "rather brief, to the point answers."  Tr. 17.  Dr. Kofoed further noted that Lockaby "spoke in somewhat of a monotone throughout the interview and his speech was somewhat mechanical."  Id.  He described Lockaby as "somewhat flat in terms of his affect" and noted that Lockaby did not laugh, smile, or cry.  Tr. 17.  These observations align with Dr. Craddock's observations that are recounted in his new letter, and the ALJ considered those observations when making his decision.  Therefore, there is not a reasonable probability that Dr. Craddock's observations would affect the ALJ's decision.

In his new letter, Dr. Craddock goes on to state that Lockaby began having seizures in 2017 and that his mother recorded one of those seizures. Dr. Craddock opined that the seizures would be psychogenic or epilepsy, but that Lockaby has not been diagnosed with any seizure disorder as his family is significantly impoverished and there are no programs where Lockaby lives that would pay for the required testing. The ALJ considered the fact that both Lockaby and his mother testified that Lockaby had experienced seizures but found seizure activity to not be a medically determinable impairment because there was no medical evidence in the record establishing the occurrence or treatment of seizures. Tr. 22. It appears that Dr. Craddock's knowledge of Lockaby's seizures also comes from Lockaby and his mother, as there has been no testing or diagnosis related to seizures, and Dr. Craddock did not attach any medical records reflecting treatment for seizures. Therefore, Dr. Craddock's information regarding Lockaby's seizures is based on the same source of information that the ALJ relied upon, namely, testimony from Lockaby and his mother, and the ALJ already considered that evidence. As such, there is not a reasonable probability that Dr. Craddock's input on Lockaby's seizures would affect the ALJ's decision.

Finally, Dr. Craddock opines that "[b]ased solely on his direct observations alone," Lockaby would be unable "to attend any activity without having to lose attention or concentration to the point that he would be nonproductive for hours out of any 8." Tr. 39. The court understands this to mean that Dr. Craddock is of the opinion that Lockaby cannot sustain attention or concentration for a period of eight hours. This opinion was presumably offered in response to the ALJ's assignment of little weight to Dr. Craddock's initial opinion in part because Dr. Craddock did not offer his opinions in a

vocationally relevant manner.  Therefore, with Dr. Craddock's opinion now offered in such a manner, the question remains of whether there is a reasonable probability that Dr. Craddock's opinion would affect the ALJ's decision.  The court finds that there is not.  Dr. Craddock does not explain why, based on his observations, he believes that Lockaby could not sustain attention or concentration for eight hours.  Dr. Craddock's observations, summarized above, indicate that Lockaby is anxious and struggles to engage in conversations with others.  However, Dr. Craddock fails to explain how his observations about Lockaby's conversational skills and general demeanor translate to Lockaby's inability to maintain attention or concentration for eight hours.  Given this lack of connection between Dr. Craddock's observations and his opinion on Lockaby's ability to maintain attention or concentration, it is unlikely that Dr. Craddock's opinion would affect the ALJ's decision.

In sum, the court finds that there is not a reasonable probability that Dr. Craddock's letter would affect the ALJ's decision.  Therefore, the Appeals Council properly declined review of the evidence, and the magistrate judge did not err by so finding.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 10, 2020
Charleston, South Carolina**